IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YURIY FAUSTOV, | : | 1:13-cv-1018 |
| | : | |
| Petitioner, | : | |
| | : | Hon. John E. Jones III |
| v. | : | |
| | : | Hon. Martin C. Carlson |
| JANET NAPOLITANO, *et al.*, | : | |
| | : | |
| Respondents. | : | |

# MEMORANDUM

## July 10, 2013

This matter is before the Court on the Report and Recommendation ("R&R") of Chief Magistrate Judge Martin C. Carlson (Doc. 11), filed on June 17, 2013, which recommends that we deny *pro se* Petitioner Yuriy Faustov's ("Petitioner") 28 U.S.C. § 2241 habeas corpus petition without prejudice to renewal of the petition at such time, if any, that his delay and detention in the United States may become unreasonable and excessive. Objections to the R&R were due by July 5, 2013, and to date none have been filed. Accordingly, this matter is ripe for our review. For the reasons set forth below, the Court will adopt the Magistrate Judge's R&R in its entirety.

**I.      STANDARD OF REVIEW**

When, as here, no objections are made to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report before accepting it. *Thomas v. Arn*, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987). "[T]he court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; *see also Henderson*, 812 F.2d at 878-79 (stating "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); *Tice v. Wilson*, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006); *Cruz v. Chater,* 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel,* 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998). The Court's examination of this case confirms the Magistrate Judge's determinations.

## II. DISCUSSION

Petitioner, a native of the Ukraine, became subject to a final order of removal from the United States on February 28, 2013. Thus, as an alien subject to removal, Petitioner was detained under 8 U.S.C. § 1231(a), which directs the Attorney General to remove such aliens within 90 days of the entry of a final removal order. 8 U.S.C. § 1231(a)(1)(A). As correctly noted by the Magistrate

Judge, the contours of the rights of aliens awaiting removal are defined by the United States Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to *Zadvydas*, a six month period of detention of aliens subject to removal following the initial 90 day removal period is considered presumptively reasonable.

As of the filing of the R&R, which was less than a month ago, the Petitioner had been in custody for the 90 day removal period plus twenty additional days. As of the writing of this Memorandum, the Petitioner has obviously been in pre-removal custody far less than the presumptively reasonable 6 month period permitted by *Zadvydas*. Thus, the Magistrate Judge recommends that Petitioner has not made a valid claim that he has been subjected to an unconstitutionally excessive period of post-removal delay, and recommends denial of the habeas corpus petition with leave to file a renewed petition if Petitioner's detention exceeds the period for presumptive reasonableness. We agree. We further note that the Petitioner has been issued a travel document to return to the Ukraine, thus his removal appears to be imminent.

As we have already mentioned, the Petitioner has not filed objections to this R&R. Because we agree with the sound reasoning that led the Magistrate Judge to the conclusions in the R&R, we will adopt the R&R in its entirety. With a mind

towards conserving judicial resources, we will not rehash the reasoning of the Magistrate Judge; rather, we will attach a copy of the R&R to this document, as it accurately reflects our consideration and resolution of the case *sub judice*.